LOTTINGER, Judge.
This is a suit by Madalin Gautreau, widow of, and three sons of the deceased, Maxwell Gautreau, on a burial insurance policy, against Security Industrial Insurance (Security), insurer, and Ourso Funeral Home (Ourso) servicing funeral home named in the policy. From a judgment in favor of plaintiff and against Ourso, this appeal was taken.
Security and Ourso entered into a contract whereby Ourso would service all merchandise policies issued by Security in the area normally serviced by Ourso. The casket, referred to as merchandise in the industry, was normally purchased by Security in large lots and furnished to Ourso and other funeral homes acting as funeral directors under Security policies. The Security-Ourso contract contained a mutual cancellation clause which was effective one year after the notice of cancellation. After servicing the contract for some time, Ourso notified Security that it was cancelling, and within a few days after the expiration of the one year period, Gautreau died and his family called on Ourso for burial services. Ourso refused on the basis that it had can-celled and was therefore relieved of the obligations under its contract with Security. Ourso, at the request of the Gautreau family, did conduct the funeral services giving credit against the cost of the funeral for the amount provided in the insurance policy issued by Security. Ourso did not furnish *1297 the metal casket which was to be furnished under the terms of the burial policy.
The Trial Court found that the contract entered into between Security and Ourso contained a provision for the benefit of others, a stipulation pour autri, that the deceased was one of the third party beneficiaries of the contract, and thus rendered judgment against Ourso in favor of Mrs. Maxwell Gautreau, Sr. for $300.00 the difference in the price of a metal casket and the wooden one that was used, $1,000.00 for general damages, and in favor of Maxwell Gautreau, Jr., Melvin Gautreau and Robert Gautreau, general damages at $350.00 each.
In appealing, the defendant, Ourso, contends that the Trial Judge erred in (1) finding the contract between Security and Ourso contained a stipulation pour autri, (2) finding sole liability on Ourso, and (3) not allowing the names of Security policy holders to be disclosed so that Ourso could inform them of their policy status.
Our statutory law on contracts containing benefits for third persons is for the most part contained in LSA-C.C. arts. 1890 and 1902 which provides:
“Art. 1890. A person may also, in his own name, make some advantage for a third person the condition or consideration of a commutative contract, or onerous donation; and if such third person consents to avail himself of the advantage stipulated in his favor, the contract cannot be revoked.
“Art. 1902. But a contract, in which anything is stipulated for the benefit of a third person, who has signified his assent to accept it, cannot be revoked as to the advantage stipulated in his favor without his consent.”
LSA-C.C. art. 1890 does not require a particular type of acceptance by the third party beneficiary, but merely provides that if such third person “consents to avail himself” of the advantage stipulated in his favor, the contract cannot be revoked. The Trial Court found that the decedent accepted the benefits conferred upon him as a Security policy holder under the Security-Ourso contract long before one year prior to his death. By becoming a policy holder and paying the premium charge, the decedent expressed his assent to except the benefits of the contract entered into between Security and Ourso.
Ourso argues that neither it nor Security intended the establishment of a stipulation pour autri in favor of Security policy holders by the contract they entered into. If the purpose of the contract was not to provide a benefit for a third party, i. e., providing funeral services through an insurance policy with a local funeral home, then it is difficult to ascertain a purpose for the contract at all.
Ourso also contends that it was the intention of itself and Security to create a method of revoking the contract between them, and that once revoked, Ourso had no obligation thereunder. While admittedly the contract contained a provision for revocation, Ourso’s argument ignores the presence of the stipulation pour autri, which once accepted by the beneficiary cannot be revoked without his assent. We must conclude that the effect of the revocation of the contract was only to release Ourso from the responsibility of servicing any Security policies issued after the revocation.
Ourso next argues that the Trial Court erred in finding it solely liable for the damages sustained by the Gautreau family and absolving Security from indemnity. There seems to be no argument but that Security was ready, willing and able to perform its obligations under the contract, even to the extent of furnishing Ourso with the requisite metal casket. It was only Ourso that refused to satisfy the terms of the policy and the Security-Ourso contract. We therefore find no fault on the part of the Trial Judge in holding Ourso entirely liable.
Lastly, Ourso contends that it was error for the Trial Judge to disallow its request for the names of those other Security policy holders that would be covered under similar circumstances. The Trial Court was correct in holding that the only policy holder involved in this suit was Max *1298 well Gautreau, Sr., and that as regards the merits of this suit, the names of other policy holders were irrelevant and thus nonad-missible as evidence. We find no error.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed at appellant’s cost.
AFFIRMED.